IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.,

        Plaintiff,

vs                                      CASE NO.

BRUCE VARNES, in his official capacity        COMPLAINT FOR
as Sheriff of Franklin County, Florida,        DECLARATORY AND
                                              INJUNCTIVE RELIEF

        Defendant.
_____/

## PRELIMINARY STATEMENT

1.      This is an action for a declaration of rights, injunctive relief, attorneys' fees and costs.

2.      Plaintiff, ADVOCACY CENTER FOR PERSONS WITH DISABILITIES, INC. ("Advocacy Center") is the designated Protection and Advocacy system for the State of Florida and, *inter alia*, has standing to investigate the death of an individual with mental illness who was incarcerated in the Franklin County Jail.

3.      Defendant, BRUCE VARNES, Franklin County Sheriff, is being sued in his official capacity.

4.      At all times material, the Defendant's conduct while acting under color of state law has violated the Plaintiff's right as secured by 42 U.S.C. § 10801 *et seq.*, and 42 U.S.C. § 1983.



5.     All conditions precedent to the bringing of this action have occurred or have been performed.

## JURISDICTION

6.     This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1983 and 1988.

7.     This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to declare the rights and other legal relations of the parties to this action.

8.   This action arises under 42 U.S.C. §10801 *et seq.* and 42 U.S.C. § 1983.

## VENUE

9.     Venue is proper in this court under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in this District.

## PARTIES

10.     The Plaintiff is authorized to "investigate incidents of abuse and neglect [including the death] of individuals with mental illness if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred." 42 U.S.C. §§ 10805(a)(1)(A) and 10805(a)(4)(B).

11.     The Defendant, Bruce Varnes, Sheriff of Franklin County, is a constitutional officer pursuant to Article 9, Section 1(d) of the Florida Constitution. He is also the chief correctional officer in Franklin County pursuant to section 951.061, Fla. Stat., and, as such, must act in full compliance with the Constitution and the laws of the United States.

12.     The Franklin County Jail is a "facility" as defined by 42 U.S.C. § 1082(3).

13.    The Defendant has denied the Plaintiff its right of access to the medical records of Ryan H. DeGreen in its investigation of his death in violation of 42 U.S.C. § 10801 *et seq.*

## FACTUAL ALLEGATIONS

14.    On May 28, 2003, Advocacy Center staff learned of the suicide of Ryan H. DeGreen, a Franklin County Jail inmate.  His death was noted in an article printed in the Tallahassee Democrat. Based upon that article, the Plaintiff determined there was probable cause to believe that an incident of abuse and neglect had occurred.

15.    By letter dated May 29, 2003, the Defendant was advised that Advocacy Center staff intended to visit the jail to begin its investigation into the death of Mr. DeGreen.  A copy of the letter is attached as Plaintiff's Exhibit A.

16.    On June 4, 2003, Advocacy Center staff visited the Franklin County Jail for the purpose of investigating the death of Mr. DeGreen. The Advocacy Center was advised that access to the deceased medical records was denied because of the Health Insurance Portability and Accountability Act of 1996 (HIPPA) regulations.

17.    HIPPA regulation, 45 C.F.R. § 164.512(a)(1), provides in pertinent part that protected health information may be disclosed as required by law.

18.    Without access to the Mr. DeGreen's medical records, the Plaintiff is unable to complete its investigation into the circumstances surrounding his death as authorized by 42 U.S.C. § 10805(4)(B).

20.    The Plaintiff has no adequate remedy at law and continues to suffer irreparable harm as a result of the Defendant's actions.

PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests this Court take jurisdiction of this cause and issue the following relief:

a.    Declare the Defendant's action has violated the Plaintiff's rights under 42 U.S.C. § 10801 *et seq.*

b.    Enjoin the Defendant from denying the Plaintiff and its agents access to the medical records pertaining to Ryan H. DeGreen.

c.    Award costs and attorney fees to the Plaintiff pursuant to 42 U.S.C. § 1988.

d.    Grant other relief as the Court deems to be just and proper.

Dated this _16th_ June, 2003.

ATTORNEYS FOR PLAINTIFF

GORDON B. SCOTT
Fla. Bar No. 112860
Trial Counsel

HUBERT A. GRISSON
Fla. Bar No. 0166758
Trial Counsel

ADVOCACY CENTER FOR PERSONS
WITH DISABILITIES, INC.
2671 Executive Center Circle, West
Suite 100
Tallahassee, FL 32301
(850) 488-9071
(850) 488-8640  fax

4

 Advocacy Center for Persons With Disabilities, Inc.

*Florida's Protection and Advocacy Programs*

Delivered by facsimile to (850)-670-8566

May 29, 2003

Sheriff Bruce Varnes
Franklin County Jail
270 State Road 65
Eastpoint, FL 32328

Re: Death of Ryan H. DeGreen

Dear Sheriff Varnes:

The Advocacy Center for Persons with Disabilities, Inc. (Advocacy Center) is a private, non-profit corporation designated by the Executive Office of the Governor as the recipient of federal funds to provide protection of and advocacy for the rights of individuals with disabilities. Our program component at the Advocacy Center, Protection and Advocacy for Individuals with Mental Illnesses (PAIMI) was established pursuant to the Protection and Advocacy for Mentally Ill Individuals Act, Title 42 U.S.C. § 10801, et Seq. (PAIMI Act). The stated purpose of PAIMI is:

To assist states to establish and operate a protection and advocacy system for individuals with mental illnesses, which will –

A.   Protect and advocate the rights of such individuals through activities to ensure the enforcement of the Constitution and federal and State statutes; and

B.   Investigate incidents of abuse and neglect of individuals with mental illnesses if the incidents are reported to the system or if there is probable cause to believe that the incidents occurred. (42 U.S.C. § 10801 (b)).

To effect this goal, the statute allows advocacy groups the right to pursue legal and administrative remedies on behalf of persons with mental illnesses, to obtain access to records under certain conditions, and to obtain access to facilities at which persons

---

2671 Executive Center Circle West,
Suite 100
Tallahassee, FL 32301-5092
tel. 850 488.9071
fax 850 488 8640
toll free 800 342 0823
toll free TDD only 800 346 4127

2901 Stirling Road
Suite 206
Ft. Lauderdale, FL 33312
tel. 954.967.1493
fax 954.967.1496
toll free 800.350 4566
toll free TDD only 866.478.0640

The Times Building
Suite 513  1000 N. Ashley Drive
Tampa, FL 33602
tel. 813 233.2920
fax 813.233 2917
toll free 866.875 1794
toll free TDD only 866 875 1837

*www.advocacycenter.org*

PLAINTIFF'S EXHIBIT A

with mental illnesses are housed.  See 42 U.S.C. § 10805 (1) (A) regarding the Advocacy Center's authority to investigate incidents of abuse and neglect based on probable cause. See 42 U.S.C. § 10850 (4)(B) regarding access to all records of any individual (including an individual who has died or whose whereabouts are unknown).

Pursuant to the authority of the PAIMI Unit of the Advocacy Center as described above, we are requesting access to your facility, access to and a copy of all records for Mr. DeGreen, including any internal investigation into his death, preliminary reports from the Medical Examiner, witness statements, video tape, etc. and may if needed, request copies of facility policies and procedures describing standard protocol.  I anticipate inspection of your facility on the morning of June 4, 2003.

Thank you in advance for your assistance in this matter.  If you have any questions, please feel free to contact me at 1- (800) 342-0823, extension 233.

Sincerely,

Christie O'Brien
PAIMI Advocate